**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JAMES N. MILLS, | ) |
| Plaintiff, | ) |
| v. | ) Case No.  4:18-cv-1067 |
| AMPHENOL CORPORATION, | ) |
| Defendant. | ) |

**DEFENDANT AMPHENOL CORPORATION'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §1332, §1331, §1001, §1441, and §1446, Defendant Amphenol Corporation ("Amphenol" or "Defendant") gives notice of the removal of this action to this Court from the Circuit Court of St. Louis County. Defendant removes this case upon the following alternative federal jurisdiction bases: diversity jurisdiction under 28 U.S.C. §1332, federal question jurisdiction under 28 U.S.C. §1331, and under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.* (hereafter "ERISA"). Defendant's Notice of Removal is based upon and supported by the following:

**THE STATE COURT ACTION**

1. The action *James N. Mills v. Amphenol Corporation*, Case No. 18SL-CC01687, was filed in the Circuit Court of St. Louis County, State of Missouri on or about April 24, 2018 (the "State Court Action"). *See* Exhibit A.

2. Defendant accepted service of the summons and Petition on June 5, 2018.

3. As more fully explained below, this Notice of Removal is timely because it is filed within the 30-day period prescribed by 28 U.S.C. § 1446(b)(3).

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendants are attached to this Notice of Removal as Exhibit A.

5. As more fully explained below, the aforesaid action is a suit of a wholly civil nature of which the United States District Court for the Eastern District of Missouri has original jurisdiction under 28 U.S.C. § 1332, §1331, and is one that may be removed pursuant to 28 U.S.C. §1441. In his Petition, Plaintiff purports to bring claims for breach of contract regarding the provision of employer-provided welfare benefits allegedly covering Plaintiff and his spouse.

## VENUE

6. Removal to this Court is appropriate because the State Court Action is pending in the Circuit Court of St. Louis County, Missouri, which is located in the Eastern District, Eastern Division's jurisdiction. 28 U.S.C. §§ 1441(a), 1446(a).

## TIMELINESS OF REMOVAL

7. This Notice of Removal is timely because it is filed within the 30-day period prescribed by 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION

8. This Court has diversity jurisdiction over this case under 28 U.S.C. § 1332, which requires the parties to the controversy to be citizens of different states and the amount in controversy to exceed $75,000. 28 U.S.C. § 1332(a)(1).

## COMPLETE DIVERSITY

9. Plaintiff is a citizen of the State of Missouri. *See* Exhibit A, Petition ¶ 1.

10. Defendant is a Delaware corporation with its principal place of business in Wallingford, Connecticut. Pursuant to 28 U.S.C. § 1332(c)(1), Defendant is a citizen of the State of Connecticut.

11. Under 28 U.S.C. § 1332(a)(1), the district court "shall have original jurisdiction of all civil actions where the matter in controversy… is between citizens of different States."

12.     Complete diversity of citizenship exists between Plaintiff and Defendant.

## AMOUNT IN CONTROVERSY

13.     Plaintiff specifically seeks damages of "approximately Five Hundred Thousand Dollars ($500,000)" in his Petition.  *See* Exhibit A, ¶ 16 - ¶ Wherefore on p. 3.

14.     Based upon the allegations in Plaintiff's Petition (but without making any admissions as to the merits thereof), the amount in controversy exceeds $75,000.

15.     Because the diversity requirements under § 1332(a)(1) are met and the amount in controversy exceeds $75,000, this action is removable under § 1441(a).

## FEDERAL QUESTION JURISDICTION

16.     This case is removable solely on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), and the Court need not inquire further into whether it has jurisdiction over the matter.

17.     But should the Court choose to do so, it would find that it also has original jurisdiction over the State Court Action on the basis of federal question jurisdiction under 28 U.S.C. §1331, which requires the claim arise under federal law. 28 U.S.C. §1331.

## ERISA

18.     Based upon the allegations in Plaintiff's Petition (but without making any admissions as to the merits thereof), this action could originally have been filed in this Court, pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132, in that Plaintiff seeks damages and recovery of plan benefits under an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1).

19.     In his Petition, Plaintiff alleges that his former employer Berg Electronics, Inc. ("Berg") contracted to provide him and his spouse "health coverage at least equal to and on the

same terms as the health coverage granted to other executives of Berg, at no cost to [Plaintiff] for life" (the "Welfare Benefit Agreement"). *See* Exhibit A, ¶ 7.

20.     Plaintiff further alleges that the Welfare Benefit Agreement was assigned to Framatome Connectors International, Inc. ("FCI") on acquisition of Berg, pursuant to which FCI allegedly continued to abide by its terms. *See* Exhibit A, ¶ 10.

21.     Plaintiff further alleges that FCI assigned the Welfare Benefit Agreement to Defendant on Defendant's acquisition of FCI. *See* Exhibit A, ¶ 12.

22.     To the extent Plaintiff purports to claim coverage under Defendant's employee welfare benefit plan, that plan is controlled by ERISA:

   a. At all times relevant hereto, Defendant established and/or maintained an employee welfare benefit plan, and Plaintiff alleges that he is covered under said plan, and, as such, is a participant and/or beneficiary under said employee welfare benefit plan;

   b. Defendant's employee welfare benefit plan is one established or maintained by an employer as defined by ERISA, 29 U.S.C. §1002(5).  That section defines an employer as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan . . . ." 29 U.S.C. §1002(5);

   c. The plan was established and is maintained for the purpose of providing, among other things, medical insurance benefits for participants in the plan;

   d. The plan was and is therefore an employee welfare benefit plan within the meaning of 29 U.S.C. §1002(1);

   e. Plaintiff's claims are for recovery of benefits and other relief under said employee welfare benefit plan; and

   f. Pursuant to 29 U.S.C. §1132(e), the District Courts of the United States have original jurisdiction over actions brought by participants and beneficiaries to recover benefits or other relief under employee welfare benefit plans.

## ERISA PREEMPTION

23.     Additionally, this Court has original jurisdiction over this matter by way of ERISA preemption.

24. As explained above, Plaintiff alleges in his Petition that Defendant has not provided, under its ERISA-regulated employee welfare benefit plan, the coverage/benefits prescribed in the Welfare Benefit Agreement and "has sought to impose on [him] and his spouse a requirement that he and his spouse make Medicare their primary insurer…" *See* Exhibit A, ¶ 14.

25. Plaintiff's claim is, in reality, an ERISA claim, premised on the existence of Defendant's ERISA-regulated employee welfare benefit plan. *See, e.g., Ibson v. United Healthcare Servs., Inc.*, 776 F.3d 941, 945 (8th Cir. 2014) (finding breach of contract claim for failure to provide coverage under an ERISA-regulated plan "completely preempted").

26. Plaintiff artfully crafted his pleading based wholly upon state law causes of action, claims, and/or theories of recovery. In the companion cases of *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58 (1987), and *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41 (1987), the United States Supreme Court established that state law claims such as those asserted by Plaintiff herein are preempted by ERISA, in that ERISA, 29 U.S.C. § 1132, provides Plaintiff's exclusive cause of action and displaces entirely any state cause of action, thus rendering Plaintiff's case, however pleaded, exclusively a federal question case removable to this Court.

27. Simply put, in making his breach of contract claim, Plaintiff is merely attempting to obscure the federal nature of his claims. Ordinarily, "an action arises under federal law only if issues of federal law are raised in the plaintiff's well-pleaded complaint." *Hull v. Fallon*, 188 F.3d 939, 942 (8th Cir. 1999), citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

28. An exception to the well-pleaded complaint rule, however, is the "complete preemption" doctrine. "This doctrine provides that 'to the extent that Congress has displaced a plaintiff's state law claim… a plaintiff's attempt to utilize the displaced state law is properly

5

"recharacterized" as a complaint arising under federal law.'" *Id.*, quoting *Rice v. Panchal*, 65 F.3d 637, 640 n.2 (7th Cir. 1995).

29. Congress intended ERISA to broadly preempt state law claims. *Id.* at 942, citing *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133 (1990) ("deliberately expansive language was designed to establish [benefit] plan regulation as exclusively a federal concern").

30. Section 514(a) of ERISA is a general preemption provision, stating that the ERISA statute "supersede[s] any and all State laws insofar as they… relate to any employee benefit plan." 29 U.S.C. § 1144(a) (emphasis added). ERISA broadly defines a "state law" as all "laws, decisions, rules, regulations or other… actions having the effect of law." 29 U.S.C. § 1144(c). The United States Supreme Court and the Eighth Circuit liberally interpret the scope of ERISA's preemption clause, extending the preemption doctrine to include virtually all state law claims arising out of, or related to, participation in and administration of employee benefit plans. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139, 111 S. Ct. 478, 483 (1990) (ERISA preempts all state laws "relating to" employee benefit plans "even if the law is not specifically designed to affect such plans, or the effect is only indirect"); *FMC Corp. v. Holliday*, 498 U.S. 52, 111 S. Ct. 403, 407 (1990) ("[t]he [ERISA] preemption clause is conspicuous for its breadth. It establishes as an area of exclusive federal concern the subject of every state law that relates to an employee benefit plan governed by ERISA… A law relates to an employee benefit plan if it has a connection with or reference to such a plan") (internal citations omitted); *Estes v. Federal Express Corp.*, 417 F.3d 870, 872 (8th Cir. 2005) ("a claim relates to an ERISA plan when it premises a cause of action on the existence of an ERISA plan") (internal quotations omitted).

31. Plaintiff's claims are, in reality, ERISA claims. ERISA preempts any state law claims **related to** employee welfare benefit plans and grants federal courts exclusive jurisdiction

Case: 4:18-cv-01067-CDP   Doc. #:  1   Filed: 07/02/18   Page: 7 of 8 PageID #: 7

on these matters. Therefore, this action is removable to this Court, as it has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132. *Hull*, 188 F.3d at 942 (causes of action "within the scope of, or that relate to," the civil enforcement provisions of ERISA are "removable to federal court despite the fact the claims are couched in terms of state law"); *see also Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-208 (2004).

## **NOTICE PROVIDED TO PLAINTIFF AND STATE COURT**

32.     Pursuant to 28 U.S.C. § 1446(d), Defendants have given written notice of their filing of this Notice of Removal to counsel for Plaintiff. On the same date as this Notice of Removal was signed, Defendants served by mail a copy of this Notice of Removal upon Plaintiff's counsel at the address set forth in the Petition: Gene J. Brockland, Smith Amnudsen LLP, 120 S. Central Ave., Suite 700, Clayton, Missouri 63105.

33.     On the same date as this Notice of Removal was signed, Defendants also filed a copy of this Notice of Removal with the Circuit Court of St. Louis County, State of Missouri, the court in which this action was commenced and pending at the time this Notice of Removal was filed with this Court.

WHEREFORE, Defendant Amphenol Corporation respectfully requests that the above-entitled action now pending in the Circuit Court of St. Louis County, State of Missouri, be removed therefrom to this Court.

       Respectfully submitted,

       **OGLETREE, DEAKINS, NASH,**
       **SMOAK & STEWART**

       */s/ Gregg M. Lemley*
       Gregg M. Lemley, MO #44464
       Cristin J. Mack, MO #61270
       7700 Bonhomme Avenue, Suite 650
       St. Louis, Missouri 63105
       Telephone:  314.802.3935
       Facsimile:  314.802.3960
       gregg.lemley@ogletreedeakins.com
       cristin.mack@ogletreedeakins.com

       **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2018, the foregoing was filed electronically with the Clerk of the Court and a copy was served on Plaintiff by electronic mail through his counsel of record:

       Gene J. Brockland
       SMITH AMNUDSEN LLP
       120 S. Central Ave., Suite 700
       Clayton, MO 63105
       314-231-6700

       */s/ Gregg M. Lemley*
       Attorney for Defendant

34210867.1

34693652.1