UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES N. MILLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18 CV 1067 CDP |
| | ) | |
| AMPHENOL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Defendant Amphenol Corporation removed this breach-of-contract action

from state court, averring that plaintiff James N. Mills' claims arise under the

Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.*, (ERISA).

Amphenol also invoked this Court's diversity jurisdiction over the action.

Amphenol now moves to dismiss Mills' complaint under Fed. R. Civ. P. 12(b)(6)

for failure to state a claim. Plaintiff-intervenor TTM Technologies, Inc. moves to

intervene in this action and file an intervenor complaint against Amphenol. For the

following reasons, I will deny Amphenol's motion to dismiss and grant TTM's

motion to intervene.

**Motion to Dismiss**

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal

sufficiency of the complaint. When considering a Rule 12(b)(6) motion, I assume

the factual allegations of the complaint to be true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To survive dismissal, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). It need not contain "detailed factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. The issue in determining a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but whether he is entitled to present evidence in support of the claim. *See Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

I have reviewed Mills' complaint, the Berg Employment Agreement, and the Amphenol Plan and conclude that Mills' case here fits within the parameters of a breach-of-contract action and not one arising under ERISA. Mills does not seek benefits under an ERISA plan. Instead, he seeks to recover on the promise made in a free-standing, single-employee contract – that is, that he be provided health coverage that other executives receive, and on the same terms, at no cost to him. The Amphenol Plan does not provide the benefits Mills seeks. Only the Berg Employment Agreement does. And the Berg Employment Agreement is not itself an ERISA plan nor does it reference an existing plan. In these circumstances, the

benefits Mills seeks in this action are not benefits due him under an ERISA plan. *See generally Dakota, Minnesota & E. R.R. Corp. v. Schieffer*, 711 F.3d 878 (8th Cir. 2013). Accordingly, Amphenol's motion to dismiss based on ERISA will be denied.

Amphenol also argues that, to the extent Mills' claims are construed to be non-ERISA, breach-of-contract claims, they nevertheless fail because of Mills' averment in the complaint that the Berg Employment Agreement was terminated before any purported assignment to Amphenol. In response, Mills contends this was a typographical error, explaining that his *employment* was terminated and not the Agreement.[1] Regardless, Mills argues that reading the complaint in conjunction with the Berg Employment Agreement itself, which is attached to the complaint, shows that the conditions upon which the Agreement could be terminated never occurred, and thus that the Agreement remains in existence and was indeed assigned to Amphenol. Because it appears that I would need to review matters outside the pleadings in order to determine these questions, they are more appropriately considered on a motion for summary judgment with proper submission of evidence relevant to the issues. In the meanwhile, my review of the complaint and attached Agreement shows Mills to have stated a plausible claim for breach of contract. I will therefore deny Amphenol's motion to dismiss on this

---

[1] Amphenol does not address Mills' explanation in its reply brief and does not provide any further argument regarding this specific basis for dismissal.

basis as well.

## Motion to Intervene

TTM moves to intervene in this action, arguing that it has paid and must continue to pay certain of Mills' and his spouse's healthcare costs that Amphenol refuses to pay despite Amphenol being required to do so under the Berg Employment Agreement. TTM seeks leave to bring its complaint as intervenor against Amphenol to recover $300,000 in payments paid and to be incurred, and for declaratory judgment on whether Amphenol breached the Berg Employment Agreement and who is responsible for payment of health coverage for Mills and other former Berg executives. Under Fed. R. Civ. P. 24, TTM seeks intervention as of right or, alternatively, permissive intervention.

Under Rule 24(a), a court must permit a party to intervene as of right if the party shows on a timely motion that it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2); *see also Federal Trade Comm'n v. Johnson* , 800 F.3d 448, 452 (8th Cir. 2015). Permissive intervention under Rule 24(b) is appropriate for a party who, on timely motion, shows that it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "The

decision to grant or deny a motion for permissive intervention is wholly

discretionary." *South Dakota ex rel Barnett v. U.S. Dep't of Interior*, 317 F.3d

783, 787 (8th Cir. 2003). In exercising this discretion, however, I must consider

whether the intervention will unduly delay or prejudice the adjudication of the

original parties' rights. Fed. R. Civ. P. 24(b)(3).

As an initial matter, I find TTM's motion to be timely for the reasons stated

in the motion. The motion was filed shortly after the matter was removed from

state court and during the period in which Amphenol's motion to dismiss was

being briefed. In addition, no scheduling order was in place when TTM filed its

motion. Indeed, because this litigation continues to be in its early stages, a

scheduling order has yet to be entered.

Upon consideration of TTM's motion, Amphenol's response, and their

additional briefs in reply,[2] I conclude that TTM has demonstrated its right to

intervene in this matter under Rule 24(a).[3] TTM is being made to pay the disputed

healthcare costs only because of Amphenol's alleged breach of the Berg

Employment Agreement, and the outcome of this lawsuit will directly affect its

obligation to make these payments. I do not find that Mills can adequately

represent TTM's interest given that, in addition to other relief, TTM seeks to

---

[2] Plaintiff Mills did not respond to TTM's motion or otherwise make his position on the question known.

[3] Given this conclusion, the request made in TTM's reply brief that I strike extraneous material submitted by Amphenol is moot.

recoup from Amphenol payments that TTM already made.  Nothing before the Court shows that Mills' existing claims against Amphenol will permit TTM to recover these past costs.

Even if intervention as of right were not warranted, I would nevertheless exercise my discretion and permit TTM to intervene for the reasons stated above. The principal consideration in determining whether to permit intervention under Rule 24(b) is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights.  *South Dakota ex rel Barnett*, 317 F.3d at 787.  As discussed above, this litigation is in its early stages and no scheduling order has yet been entered.  I do not find that any party would be prejudiced by permitting TTM to proceed on its complaint in this action, nor would there be any delay in the proceedings.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant Amphenol Corporation's Motion to Dismiss Plaintiff's Complaint [13] is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff-intervenor TTM Technologies, Inc.'s Motion to Intervene [18] is **GRANTED.**  TTM Technologies, Inc.'s Complaint in Intervention [18-1], with its attached exhibit [18-2], is deemed filed as of today's date.

**IT IS FURTHER ORDERED** that TTM Technologies, Inc.'s Motion for

Leave to Request Oral Argument and Request for Oral Argument on its Motion to Intervene [32] is **DENIED AS MOOT.**

This case will be set for a Rule 16 scheduling conference by separate Order. Defendant is reminded of its obligation to answer plaintiff's complaint and plaintiff-intervenor's complaint in intervention within the time set by the rules.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 10th day of December, 2018.